That brings us to the next case on the calendar, which is United States v. Santiago. All right, Mr. Braverman, you have 10 minutes, but you've reserved two of it for rebuttal. So you may proceed. Thank you. Thank you. Good morning to the court. May it please the court. Nice to see everybody back together again. I've missed this as well, Judge. Judges, there are two issues here that are the high hurdles that my client must clear. And they are quite clear, well presented, and I think this court can decide as a matter of law that my client clears both of them. Most importantly, the first question is mootness, whether or not this matter is moot, and whether or not my client lost his ability to appeal from the conviction because he satisfied the sentence. Yeah, the sentence is over and there's no term of supervised release associated with it. That's correct, sir. So you're relying on collateral consequences. I am, Your Honor. But these are collateral consequences that seem pretty speculative and in fact have been outright rejected on some occasions by even the Supreme Court. Even the Supreme Court, Judge, and they are not infallible, but they are last and some do follow their rules. But I will say that this court, in the case of Nowakowski in 2016, which is a very distinguished bench here, ruled that one- They're all pretty distinguished here. They are very distinguished. They hold not a candle to this court. But nonetheless, a distinguished bench there ruled, one, that the test in Sibron, which is the test that's relied on by Justice Scalia in Spencer, and he goes on to say in the Spencer decision, he discusses why it's no longer collateral. But in Nowakowski, which is a Second Circuit court here, they ruled that the test in Sibron is still valid and go on to argue that it is in fact the majority holding of circuit courts around the country. And so what I would suggest to this court that it is this court's own precedent in 2016- It seems to me that case really went the other way, didn't it? Well, the reason it went the other way was in the application. In the application- Well, it declined to extend the presumption of these collateral consequences outside of the context that's discussed there. It seems to me that there they made it very clear that the presumption does not apply to violations of supervised release. In that particular case, Judge, the vehicle for that was a writ of habeas corpus. And so in that case, the defendant there, as in most of the cases, was challenging his custody, as is the definition of habeas corpus. Here, Mr. Santiago, the appellant, is challenging the underlying conviction itself. And as Justice Sotomayor said in a dissent, if we just let this case die by mootness, it effectively forecloses all review of any sins of the district court. And the problem- I understand the case for controversy requirement, but it means that in a sentence, either because we're delayed getting there or because of no faults of the defendant at all, he loses his due process rights to review. And there are collateral consequences, which Nowakowski identifies. And, in fact, in the conclusion of Nowakowski, it says here, his petition thus presents a live case for controversy sufficient to sustain jurisdiction according to the district court's order, is hereby vacated. They felt that there was a possibility, however remote, and they go on to discuss that. And so that's just the test. Whether Mr. Nowakowski wins is a different question. But the item- So what's the difference between that case and this case, then? You would say just habeas versus- They identified that the- that's one distinction. But the other distinction is that they say that Mr. Nowakowski loses something, but they say that the test still is the Sibron test, and that is whether or not collateral consequences, however remote, are still valid. But I think by your definition, then, any challenge to a violation of supervised release, even if the sentence has been served, is going to involve collateral consequences because I think what you've identified is impeachment if he ever testifies at a future trial, increased sentence in a possible future proceeding. These all come directly from the Sibron United States Supreme Court case. The Nowakowski case also sets the standard by which it is- once the defendant comes up with the presumptions, the ideas, the very basis for which might turn to be a violation, down the road he gets punished. Nowakowski says that the burden then shifts to the government by some level of evidence, whether it's presumption- whether it's a preponderance or clear and convincing, but the burden shifts to the government at that point to show that there is no- there is no possibility. But Nowakowski holds the presumption of Sibron remains. What about Spencer? So- so Nowakowski is 2016. Spencer is 98. Right. And so it addresses Spencer directly. You're saying Spencer's been abrogated? No, what's interesting, if I were to have written Nowakowski, and I'm not distinguished enough to have done that, I might have argued that Justice Scalia in Spencer did away with the whole Sibron test. That's not an unfair reading of Spencer. Nonetheless, as the Court of Appeals in- the Court of Appeals in the Nowakowski case, when it says- I apologize, I have a non-official site. Right after- 224. At the bottom of 224, it says, Next we turn how the presumption affects the party's obligation to present and prove the existence of collateral things. And then it says, Although Spencer marked the Supreme Court's most complete discussion of presumption, the Court never explicitly identified the nature or operation. And then it goes on to list citations from the Tenth Circuit, the Third- the Seventh Circuit, the Eleventh Circuit, the Ninth Circuit, and says- and then it concludes, We think the majority approach is correct. Sibron held, quote, That a criminal case is not moot only if it is shown that there is no possibility that a collateral legal consequence would be imposed upon the basis of the challenged conviction. Citing to 392 U.S. at 57. And then it goes on to say that the burden is on the government to show that there is no possibility. And I would argue here that the government has not shown that there is no possibility of collateral consequences. If Sibron accepts the remote consequences as possible, and Nowakowski says that the government has the burden of showing no possibility, that has not happened in this case. And so therefore I would suggest that Mr. Santiago, the appellant, stands in the position of having properly pled the presumption and had not been properly rebutted. And therefore this case is not moot. That's my argument. Thank you. I just want to make one point on the other argument about the jurisdictional question. And it's whether or not the counts that survived, and then Judge Cote sentenced Mr. Santiago, the appellant, on counts 2, 3, 4, and 5. So the question is whether or not they related back to the original count that was timely filed so that all the out-of-time counts are not time-barred. There is a Supreme Court case directly on point about all this. And the first thing I think the court is fair to know, because everybody in this court sat at some point in a trial court, is that the government chooses what specifications to bring. That's their choice. And so they choose, as a matter of their most strategic decision, to not bring all the other specifications in a timely manner because they don't want to litigate them now. They don't want to litigate the District of New Jersey criminal case in the Southern District of New York and to produce proof for that. They don't want to interfere with what they perceive to be the greater good, which is the conviction case in the trial court in New Jersey. They choose to not meet the time-bar standard. That's their strategic choice. And as Justice Sotomayor said in the dissent in the case Mont versus the United States, at any point in time, and Justice Thomas, who wrote the majority opinion, says, at any point in time, the government could file an appropriate petition, and it could list all the sentences, all the violations. When the government chooses not to do that, if they choose not to bring a timely petition, that's their strategic choice. They knew in April, for example, seven and a half months before time ran out, they knew every allegation because allegations 2, 3, 4, and 5 all relate to the criminal conduct that was charged in April. So the government was on actual notice of all these things. The government knew about it enough to file the original placeholder and then chose not to include everything else. That's standard prosecutorial discretion, but that's also standard subject to the purposes of time-bar. I see my time is up. I'm just looking at your brief. I don't think you mentioned Sibron at all in your brief, did you? Well, Sibron is the language that Spencer relies on. So Sibron was – Spencer cites the Sibron repeatedly throughout the case. You gave a see-also cite to Spencer, but there's no real discussion of the reasoning of Spencer, of Sibron, or any of the things you just discussed. The government addresses it in their brief, and then we argue it in reply. Okay. All right. Thank you, sir. Thank you. Ms. Steiner? Thank you. May it please the Court, my name is Mitzi Steiner. I represent the United States in this appeal, as I did in the proceedings in the district court. Mr. Santiago, who completed his violation revocation sentence in April 2021, over two years ago, has failed to identify any non-speculative injury resulting from his sentence that is redressable through a judicial decision by this court. I mean, maybe we should get straight to the point that was just made by Mr. Bradford, which is he's suggesting that this is the direct appeal as opposed to a habeas – a review of a habeas denial. And so, therefore, that makes this different. Your Honor, as you correctly noted, the Nowakowski case is entirely distinguishable. The Nowakowski case was in the context that we do not have here, which is in the context of a criminal conviction. And I'll read from the Nowakowski case. This is at 218, and it cites to the Supreme Court's precedent in Spencer and says that the court observed that it applied the presumption, that is to collateral consequences, only to criminal convictions and expressly declined to extend it outside of that context to parole revocations, which is precisely what we have here. And a parole revocation, I guess, is technically a criminal sentence, I suppose, right? But it's specifically referenced, is your point, in the opinion. That's correct, Your Honor. And under the Supreme Court's precedent in Spencer and as applied in this court's precedent in Prober, there is a significant distinction under Article III with regards to the collateral consequences that are presumed, with regards to a criminal conviction, there is a presumption of a collateral consequence. That is not the case in a context like we have here, where we have a sentence resulting from a violation revocation. In that case, the burden is on the defendant to establish that there remains a continuing injury. And here, as Your Honor has noted, Judge Sullivan, the defendant clearly has failed to rise to that occasion Essentially, he has cited two injuries that the court in Prober and the Supreme Court in Spencer have previously ruled are entirely speculative and not sufficient to establish Article III standing. Unless Your Honors have further questions, the government will rest on its submission. All right. You get off easy. Back to you, Mr. Braverman. Judge, hopefully my rebuttal is not strictly limited to the arguments of the government here on their direct appeal, but to address the question the court finished with me. It seems to me what you're saying is that parole revocation doesn't really mean parole revocation when that is the term that was used. You seem to be making a distinction between a criminal conviction and a habeas petition, which is obviously a civil proceeding. But the authorities you're relying on make the distinction between parole revocations or violations, right? Well, this court in Nowakowski went on at great length to describe what was a conditional discharge and whether or not that was criminal in nature or the proceedings there were civil in nature. And it identified sources of reasoning as to why it would be criminal. Most importantly was the potential for imprisonment and certainly in a violation of... But in Nowakowski we said that the presumptions that you're saying really go your way here don't apply with respect to violations of probation, parole, or supervised release, right? How do you get around that language? That's in 218 of Nowakowski. The court at page... just after... on page 227, which is at point 3, is where the court in Nowakowski goes on to address the dissent essentially and to deal principally with that Sibron... and it talks about the issue that the court's raising, right? About whether or not it applies only to convictions and significant collateral consequences as a result of those convictions. Then it goes on to distinguish them and Spencer and gets to the mere possibility question again. The problem, Judge, is that violations of supervised release are a common consequence of actions in this court. There's an entire procedure for it and it would suggest that there is, for any sentence approaching the sentence that was given to Mr. Santiago, the appellant here, there'd be no review. Because I have never had an appeal get to a court here in less than nine months. It would mean roughly... It's not uncommon, but it would mean roughly that all shorter sentences would be effectively unreviewable. Well, I don't know about that. I mean, you know, we do expedited appeals and we can move quickly when the prospect would otherwise be unreviewable. One could, but I'm saying, Your Honor, that to be fair, I think the most salient point on this one is a policy point, which is that this court instructs the district courts how to act in matters. This court is an arbiter of procedure. And if this court were to say that it is a moot point when I think that there's a culpable claim that there is, if you say that it is a moot point, therefore not subject to review, the unfortunate aspect, the reason why this court continues to sit and has such a busy calendar, is because district courts don't always get it right. And sometimes they are going to the least amount of process, not the greatest amount of due process. And to say it's moot is to tell the district court that for really short sentences, there probably is no review. And I think that's the unfortunate policy error. All right. I would say 13 months is a really short sentence. If you're doing it, it's probably an eternally long sentence. But it is not, compared to some other sentences in this building, even close to that. All right. Thank you, sir. Okay, we reserve the decision. Thank you both.